

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

1) A.V. AVINGTON, JR. on behalf of himself, )
)
)
**Plaintiff/Pro se,** )
)
)
vs. ) Case No.
)
) **JURY TRAIL DEMANDED**
)
2) MAXIM STAFFING SOLUTIONS, )
AGENCY INC., ) **14 CV - 233 JED - PJC**
)
**Defendant(s).** )

**FILED**
MAY 13 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT

***COMES NOW*** THE Plaintiff A.V. Avington, Jr., on behalf of himself, acting ***PRO SE*** and for his cause of action against Maxim Staffing Solutions Agency Inc., hereby alleges and states as follows:

1. That this is a civil action for illegal discrimination in employment in violation of 42 U.S.C. (A) Sec. 2000 (e) et seq. Plaintiff is an African American black male resident of the City of Tulsa, State of Oklahoma. Defendant(s) the Maxim Staffing Solutions Agency Inc., is a national non-profit entity with a branch and local office located in the City of Tulsa.

2. That this court has both jurisdiction and venue for this cause of action pursuant to 42 U.S.C. Sec 2000 (e) – 2 (a) (1) – (2) et seq. That venue of this action is further proper in the Northern District Federal court for the State of Oklahoma.

3. That Plaintiff has further fulfilled all jurisdictional prerequisites required for the filing of this action, including the timely filing of administrative complaints with

1 FP/Ø Summons

both the Oklahoma Human Rights Commission and the Equal employment Opportunity commission.

4. That Plaintiff has further received his Notice of Right to Sue letter from the EEOC on or about February 13, 2014, and has herewith filed this instant complaint in a timely manner within ninety days from receipt of said letter.

### STATEMENT OF FACTS

5. That Plaintiff had completed substantially all of his requirements for a Certified Nurse Aide, Certified Home Health Aide and Certified Medication Aide including, C.P.R., First Aide, with one week of required testing and orientation given by the Senior Health Care Specialist of said, Maxim Staffing Agency in order to fulfill all of the prerequisites of the pre-employment qualifications the Plaintiff needed for a variety of new hire job opportunities. The Plaintiff has no past or present criminal background of any kind to date.

6. That Plaintiff(s) competence in the above health care educational training exemplifies his willingness to work any and all shifts that were offered to him and makes the Plaintiff particularly suited for advancements as a Certified Nurse Aide and Certified Home Health Aide with the Maxim Staffing Agency Inc.

7. That on or about November 1, 2012, the Plaintiff began his employment at the Maxim Staffing Solutions Agency after completing the required prerequisites for employment for a Certified Nurse Aide.

8. That on or about December 1, 2012, the staffing coordinators refused to place the Plaintiff on available needed jobs as the Plaintiff would continue requesting 000000000000000000000000000work from the staffing coordinators.

2

9. That the Plaintiff believes the staffing coordinators actions taken against him was racially motivated and prejudice because of his age and race.

10. That the Plaintiff filed a grievance with Maxim Staffing Solutions Agency Inc., corporate office on or about December 15, 2012, in reference to how the Plaintiff was being overlooked for work after being initially hired in November 2012.

11. That the Maxim Staffing Solutions Agency Inc., corporate office investigated the Plaintiff(s) complaint and thereafter the Plaintiff was given regular working hours to include traveling long distance in the State of Oklahoma for work.

12. That the Plaintiff complained to the Business Operations Manager pertaining to his health concerns with gout and how gout affected his ability to stand long hour working sixteen hour double shifts.

13. That the Plaintiff with the help of prescribe medications continued to accept jobs that were offered to him, driving as far as Stillwater, Oklahoma and Cushing Oklahoma to accommodate the needs of Maxim Staffing Solutions Agency Inc., needs.

14. That the Plaintiff was required to work with nineteen patients alone at many of the overnight facilities that he was assigned to work.

15. That the Plaintiff made it very clear to Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist working in the long term care facilities and standing long hours were becoming very strenuous.

16. That the Plaintiff requested and asked Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist if he could provide Private Duty Nursing in homes, hospitals, or long term care facilities.

17. That the Senior Health Care Specialist told the Plaintiff that he would have

3

to have a State of Oklahoma Certified Home Health Aide Certificate in order to work one-on-one with patient private care.

18. That the Plaintiff begun pursuing the State of Oklahoma certification for Certified Home Health Aide Certification as requested by Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist.

19. That the Plaintiff had no previous complaints about his work performance and was thereafter reassigned to long term care facilities when Maxim Staffing Solutions Agency Inc., saw the Plaintiff(s) willingness to conform to what was required pertaining becoming a Private Duty Nurse.

20. That the Plaintiff received his Certified Home Health Aide Certification on or about April 1, 2013, and reported to the Senior Health Care Specialist at Maxim Staffing Solutions Agency Inc., and was told that their was no work available for private duty nursing.

21. That the Plaintiff was assigned to Colonial Manor Nursing Center for approximately two months working the 11:00 pm 7:00 am shift never had any complaints working in the assisted living with staff or upper management.

21. That the Plaintiff on or about May 28, 2013 received a phone call from Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist and was asked if he would be willing to work the 11:00 pm 7:00am shift.

23 That the Plaintiff replied, yes and was put on hold to confirm the shift with the Colonial Manor Nursing Center staffing coordinator.

24 That when the Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist returned to the telephone to confirm the Plaintiff(s) schedule, the Plaintiff was

4

told by the Senior Health Care Specialist that he was told by Colonial Manor Nursing Center that the Plaintiff was to never, ever come back to Colonial Manor Nursing Center property again or the Plaintiff would be arrested.

25. That the Plaintiff had been accused of being physically and verbally abusive to the patient's at Colonial Manor Nursing Center on the 11:00pm – 7:00 am shift.

26. That when one of the Patient's requested that the Plaintiff get something for them while working the night shift the Plaintiff replied, "get it your dam self."

27. That this accusation against the Plaintiff is much further from the truth.

28. That Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist would not talk or communicate with the Plaintiff thereafter on May 28, 2013.

29. That the Plaintiff was no longer receiving job assignments or having any other contact with Maxim Staffing Solutions Agency Inc., as to the validity of the charges made against him.

30. That when the Plaintiff made attempts to contact the Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist he refused to talk to the Plaintiff.

31. That the Plaintiff had been terminated but was not properly informed of his termination.

32. That the Plaintiff believes the information provided in the about facts indicates that the matter complained of is subject to the statutes in Title VII of the Civil rights Act of 1964 (Title VII). The Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).

## FIRST CAUSE OF ACTION – EMPLOYMENT DISCRIMINATION BASED ON RACE

33.  Plaintiff incorporates by reference the foregoing paragraphs 1-25 of the Petition as if fully set forth herein.

34.  That the Plaintiff a fifty-eight (58) year old Black African American male has completed substantially al of his requirements for a Certified Nurse Aide, Certified Home Health Aide, Certified Medication Aide from the Tulsa Technology Center, in Tulsa, Tulsa County, Oklahoma, Oklahoma, the Plaintiff(s) competence and compassion along with his educational background and experience makes him particularly suited for the Certified Nurse Aide and Certified Home Health Aide and Certified Medication Aide position's offered by the Maxim Staffing Solutions Agency Inc.

35.  That on or about December 1, 2012, when the Plaintiff completed all required human resource testing and training at Maxim Staffing Solutions Agency Inc., the Plaintiff realized that he was not being given job assignments as the other employee's at Maxim Staffing Solutions Agency Inc.

36.  That the Plaintiff made continued phone calls and visits to the Maxim Staffing Solutions Agency Inc., to inquire as to why he had not been given a job assignment and was told that they had nothing to offer the Plaintiff.

37.  That after many failed attempt to communicate with the local Maxim Staffing Solutions Agency Inc., staff, the Plaintiff call the corporate office and filed a grievance based on his race and age with the grievance department trying to get some answers as to why he was being overlooked for job assignments after being hired to work.

38.  That the Plaintiff complained of race and age discrimination to the

6

corporate office grievance department prior to his first job assignment because of the pattern he observed of white Caucasians Certified Nurse Aide's being assigned to various jobs the record will show.

39. That after the corporate office investigation the Plaintiff was called by the Maxim Staffing Solutions Agency staff to discuss his grievance concerning his race and age and thereafter the Plaintiff was given a job assignment.

40. That 42 U.S.C. § 2000e – 2 (a) (1) – (2) (2000). Section 703 (a) of the Civil Rights Act of 1964 provides: It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his statues as an employee, because of such individual's race, color, religion, sex, or national origin. Civil Rights Act of 1964, Pub. L. No. 88-352, § 703 (a), 78 Stat. 241, 255.

41. That as a proximate cause of Maxim Staffing Solutions Agencies Senior Health Care Specialist illegal discrimination actions against the Plaintiff, Plaintiff was damaged by mental anguish and emotional distress suffering major depression and anxiety that will require past and future psychological and psychiatric treatment expenses.

## SECOND CAUSE OF ACTION FOR RETALIATION

42. Plaintiff incorporates by reference the foregoing paragraphs 1-25 of the Petition as if fully set forth herein.

43. That at the time of the incidents, the Plaintiff was seeking a public

advertised job opening for a Certified Nurse Aide on or about November 1, 2012. When the Plaintiff completed the required training and testing for said employment Maxim Staffing Solutions Agency Inc., refused to provide work assignments to the Plaintiff.

44. That on or about December 1, 2012, the Plaintiff filed a grievance with the corporate office of Maxim Staffing Agency Inc., in regards to his race and age as a result of out being given work assignments by the Senior Health Care Specialist after being hired.

45. That the Plaintiff continued seeking employment daily at the Maxim Staffing Solutions Agency Inc., with the facility making no further attempts to assign the Plaintiff work assignments.

46. That the Senior Health Care Specialist extreme conduct exhibited towards Plaintiff was done without justification and/or excuse, but done merely as an act of retaliation against plaintiff for lodging an earlier complaint and grievance against the said Maxim Staffing Solutions Agency Inc., for employment discrimination concerning his race and age.

47. That Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist failed to recognize the U.S. Equal Employment Opportunity Commissions interpretation of Title VII retaliation provision to include "Adverse Action" denial of promotion, refusal to hire, denial of job benefits, demotions, suspensions, and discharge, threats, reprimands negative evaluations, harassments, all of which the Plaintiff was subjected.

48. That Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist failed to rectify the discriminating treatment of the Plaintiff in the context of the EEOC

non-retaliation requirements. Under Section 704(a) of Title VII, Section 4 (d) of the ADEA, Section 503 (a) of the ADA and Section 207 (f) of GINA, it is unlawful for and employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against anyone, or for a union to discriminate against it s members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws.

49. That the Plaintiff was subjected to supervisory practices of unfair treatment Sec 704 (a) of the Act simply states that it is "unlawful employment practices for an employer to discriminate against any of his employee's or applicant for employment………..because he has opposed any practice made an unlawful employment practices by this subchapter, or because he has……..participated in any manner in an investigation, proceeding, or hearing under this subchapter.

50. That as a proximate cause of Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist retaliation against the Plaintiff, Plaintiff was damaged by mental anguish and emotional distress suffering major depression and anxiety that will require past and future psychological and psychiatric treatment expenses.

### THIRD CAUSE OF ACTION – AGE DISCRIMINATION

51. Plaintiff incorporates by reference the foregoing paragraphs 1-25 of the Petition as if fully set forth herein.

52. That Age Discrimination in Employment Act of 1967 (ADEA) protects individuals who are 40 years of age or older from employment discrimination based on age. The ADEA protections apply to both employees and job applicants.  Under the

ADEA it is unlawful to discriminate against a person because of his/her age with respect to any term, condition, or privilege of employment, including hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training.

53. That it is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on age or for filing age discrimination charge, testifying or participating in any way in an investigation, proceeding or litigation under the ADEA.

54. That the Plaintiff should not have been treated differently solely because he differed with respect to race, color, religion, sex, or age.

55. That Maxim Staffing Solutions Agency Inc., should have had qualified supervisory staff at the time of the alleged incidents that could have assisted the Plaintiff with his original grievance and his growing concerns about employment that were open to the public at large.

56. That Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist means of disciplining the Plaintiff was crude and outrageous unethical behavior and conduct towards the Plaintiff. The standard of Title VII of the Civil Rights Act of 1964 prohibits disparate treatment on the basis of race, religion, sex and age with regard to all terms and conditions of employment.

## FOURTH CAUSE OF ACTION – FAILURE TO PROMOTE

57. Plaintiff incorporates by reference the foregoing paragraphs 1-25 of the Petition as if fully set forth herein.

58. That the Act of Sec. 703 (a) with respect to Plaintiff(s) compensation, terms, conditions, or privileges of employment were violated.

59. That Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist should be vicariously liable for failing to promote Plaintiff to a Certified Home Health Care Specialist. After the Plaintiff followed the instruction of the Senior Health Care Specialist in obtaining an additional Certification to lessen his work load the Plaintiff was denied this opportunity. This position remains open at Maxim Staffing Solutions Agency Inc., for interested applicants.

60. That as a result of failure to promote against the Plaintiff, Plaintiff was damaged from mental anguish and emotional distress suffering major depression and anxiety, which will require past and future psychological and psychiatric treatment expenses.

**FIFTH CAUSE OF ACTION – DISPARATE TREATMENT**

61. Plaintiff incorporates by reference the foregoing paragraphs 1-25 of the Petition as if fully set forth herein.

62. That in the alternative the Plaintiff allege that Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist retaliated against him for filing a grievance on or about December 1, 2012, for failing to place the Plaintiff on job assignment because of his race and age. The standard of Title VII of the Civil Rights Act of 1964 prohibits disparate treatment on the basis of race, religion, sex and national origin with regard to all terms and conditions of employment as follows:

63. That Plaintiff should not have been treated differently solely because he differed with respect to race, color, religion, sex or national origin.

64. That Maxim Staffing Solutions Agency Inc., should have employed qualified supervisory staff at the time of the alleged incidents that could have assisted

with the Plaintiff's grievance and growing concerns about his race and age being an issue to gainful employment.

65. That Maxim Staffing Solutions Agency Inc., means of discipline of Plaintiff was crude and outrageous, not fitting for a Certified Nurse Aide/Certified Home Health Aide/Certified Medication Aide job descriptor.

66. That the Plaintiff observed Maxim Staffing Solutions Agency Inc., assigning many of the available positions to white Caucasians although he made many attempts seeking job assignments.

**PRAYER FOR RELIEF FOR ALL CLAIMS**

*WHEREFORE,* Plaintiff prays that after a jury trial, this court enter judgment in his favor against defendant(s) Maxim Staffing Solutions Agency Inc., on each of the Causes of Action asserted against it and grant and grant the Plaintiff over $100.000.00 dollars, and such relief as the Court or jury finds to be appropriate, including the following:

A. Granting Plaintiff actual damages, including actual expenses expended and reasonable expenses for future medical treatment.

B. Granting Plaintiff sufficient damages to compensate Plaintiff for mental anguish and major depression and anxiety.

C. Granting Plaintiff an award of compensatory and punitive damages Against Maxim Staffing Solutions Agency Inc., sufficient to punish defendant(s) for their wrong doing, as well as to dissuade others from engaging in similar violations of the law.

D. Granting Plaintiff back pay on wages occurred for promotions, and prejudgment and post judgment interest against Maxim Staffing Solutions Agency Inc.

E.   Granting to Plaintiff an award of all costs and expenses expended in the prosecution of this action. Including Plaintiff(s) reasonable attorney's fees if incurred.

F.   Granting to Plaintiff such further, additional or alternative relief as the Court deems fit and proper.

Respectfully submitted,

A.V. AVINGTON, JR/PRO SE
1815 North Denver Ave.
Tulsa, Oklahoma 74106-4141
Phone: 794-6946
Cell: 948-0090
Tulsa, Oklahoma 74106-4141
av_avingtonjr@yahoo.com