UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A.V. AVINGTON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:14-cv-00233-JED-PJC |
| § | |
| MAXIM STAFFING SOLUTIONS § | |
| AGENCY, INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant MAXIM HEALTHCARE SERVICES, INC., D/B/A MAXIM STAFFING SOLUTIONS[1] ("Defendant")[2], pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii), moves this Court for an Order dismissing the Amended Complaint filed by Plaintiff A.V. AVINGTON, JR. ("Plaintiff") (Doc. 4) in its entirety with prejudice for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. Defendant offers the following brief in support its Motion.

**I.      INTRODUCTION AND RELEVANT BACKGROUND**

On May 13, 2014, Plaintiff initiated this lawsuit by filing his original *pro se* Complaint against Defendant and moving for leave to proceed *in forma pauperis*. (*See generally*, Docs. 1, 2.) On May 15, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* Doc. 3.) Shortly thereafter, on May 19, 2014, Plaintiff filed an Amended Complaint, which

---

[1] Plaintiff has incorrectly identified Defendant as "Maxim Staffing Solutions Agency, Inc." Defendant's proper corporate name is "Maxim Healthcare Services, Inc., d/b/a Maxim Staffing Solutions." Defendant has concurrently filed a Notice of Party Name Charge to cure this deficiency.

[2] Plaintiff has incorrectly identified Defendant as "Maxim Staffing Solutions Agency, Inc." Defendant's proper corporate name is "Maxim Healthcare Services, Inc., d/b/a Maxim Staffing Solutions." Defendant has concurrently filed a Notice of Party Name Charge to cure this deficiency.

forms the basis of this Motion as Defendant was not served with process until July 3, 2014.[3]

In the Amended Complaint, Plaintiff attempts to assert the following five causes of action against Defendant: (1) race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"); (2) retaliation under Title VII; (3) discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); (4) "failure to promote;" and (5) "disparate treatment" based on "race, color, religion, sex or national origin." (*See generally*, Doc. 4.)

In Paragraph 3 of the Amended Complaint, Plaintiff alleges, in a conclusory fashion, that he has "fulfilled all jurisdictional prerequisites required to the filing of this action." (Doc. 4 at ¶ 3.) However, the Charge of Discrimination ("Charge") clearly reveals that Plaintiff never raised claims for "disparate treatment" based on color, religion, national origin, or sex prior to initiating this lawsuit. (A copy of the Charge is attached as **Exhibit 1**.) Plaintiff did not even check the boxes on his Charge for "color," "national origin," or "religion," and, although he checked the box for "sex" discrimination, he did not provide a single supporting allegation. Plaintiff's Charge also does not contain any reference to or allegations of failure to promote. As such, Plaintiff has failed to exhaust his administrative remedies with respect to his claims for "failure to promote" and "disparate treatment," and thus, Defendant is entitled to an Order dismissing these claims with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dismissal is also warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to allege facts sufficient to set forth a plausible claim for relief against Defendant under any cognizable legal theory of recovery. Although Plaintiff's *pro se*

---

[3] Even then, Plaintiff failed to perfect service upon Defendant. Plaintiff served Defendant's local office in Tulsa, Oklahoma, rather than its registered agent within the state of Oklahoma. However, in light Plaintiff's *pro se* status and Defendant's eventual receipt of the Amended Complaint, Defendant does not seek dismissal based on improper service.

status affords him some leniency with respect to federal pleading standards, it is not a license to ignore the standards completely. Similarly, Section 1915(e)(2)(B)(ii) of Title 28 requires dismissal of a lawsuit filed i*n forma pauperis* if the Court determines that the action "fails to state a claim on which relief may be granted." Because that is clearly the case here, Defendant also seeks dismissal on these grounds.

## II. ARGUMENTS AND AUTHORITIES

### A. Applicable Legal Standards

#### 1. Dismissal under Federal Rule Civil Procedure 12(b)(1).

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms" -- a facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Where, as here, the movant challenges the factual basis for subject matter jurisdiction, there is no presumption as to the truthfulness of the Amended Complaint's allegations. *See id.* at 1003. Furthermore, material outside the Amended Complaint may be considered without converting the relief sought under Rule 12(b)(1) into a motion for summary judgment.[4] *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

#### 2. Dismissal under Federal Rule of Civil Procedure 12(b)(6).

Although the Court construes *pro se* pleadings liberally, Plaintiff's *pro se* status does not excuse him from complying with federal pleading standards. *See Chase v. Divine*, 543 Fed. Appx. 767, 769 (10th Cir. 2013). To avoid dismissal pursuant to Rule 12(b)(6), Plaintiff needed not set out facts sufficient to make out all substantive elements of his claims; however, he must allege "enough factual allegations to state a claim to relief that is plausible on its face." *Bell*

---

[4] Additionally, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility" if Plaintiff pleads factual content that allows the Court "to draw the reasonable inference that [D]efendant is liable for the misconduct alleged." *Matthews v. LaBarge, Inc.*, 407 Fed. Appx. 277, 280 (10th Cir. 2011).

Furthermore, although the Amended Complaint need not recite "detailed factual allegations," it must contain enough facts to "raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). Additionally, although the Court must construe well-pleaded facts as true, it is not "bound to accept as true a legal conclusion couched as a factual allegation," nor is it required to accept as true allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1109-12 (10th Cir. 1991).

### 3. Dismissal under 12 U.S.C. § 1915(e)(2)(B)(ii).

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss" any claims that "fail to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The determination of failure to state a claim under § 1915 is the same as the determination under Rule 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims For Disparate Treatment And Failure To Promote

Plaintiff must exhaust his administrative remedies by filing a charge of discrimination prior to filing suit under either Title VII or the ADEA. *See Shikles v. Sprint/United Mgmt. Co.*,

4

426 F.3d 1304, 1309 (10th Cir. 2005). This requirement "protects employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004). Filing a charge of discrimination "is a jurisdictional prerequisite to suit under Title VII -- not merely a condition precedent to suit." *Shikles*, 426 F.3d at 1317. Thus, failure to exhaust available remedies is properly raised in a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *See id.*

In determining whether Plaintiff has exhausted his administrative remedies, the Court limits its inquiry "to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged" in his Charge. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). The Charge, therefore, "must contain facts concerning the discriminatory and retaliatory actions underlying each claim[, because] each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id*. Here, the Court lacks subject matter jurisdiction over Plaintiff's claims for "disparate treatment" and "failure to promote" because they were not raised in his Charge and, thus, Defendant did not have notice of these claims.

### 1.       **Plaintiff's "disparate treatment" claim is barred by his failure to exhaust administrative remedies.**

The Court lacks subject matter jurisdiction over Plaintiff's "disparate treatment" claim regardless of the underlying basis. Plaintiff's "disparate treatment" claim ("Fifth Cause of Action") appears to be premised on "race, color, religion, sex, or national origin." (Doc. 4 at ¶ 63.) However, Plaintiff's administrative charge does not contain any allegations whatsoever concerning discrimination based on color, religion, or national origin. In fact, Plaintiff did not even check the boxes for "color," "religion," or "national origin" on his Charge. Plaintiff's

failure to mark these boxes "create[d] a presumption" that he did not intend to assert such claims. *See Jones*, 502 F.3d at 1186.  Plaintiff also failed to rebut that presumption by setting forth the basis of any such claims in the text of the Charge.  *See id.*  Consequently, Plaintiff's allegations concerning disparate treatment based on color, religion, or national origin could not fall within the scope of the investigation that could reasonably be expected to grow out of the Charge.

Moreover, although Plaintiff checked the box for "sex" discrimination on his Charge, the Charge itself is completely devoid of any factual allegations referencing or relating to sex discrimination that would have placed the EEOC or Defendant on notice of a potential "sex" discrimination claim.  The mere act of checking a box marked is "insufficient" to satisfy the requirement that Plaintiff exhaust his administrative remedies before filing a complaint with this Court.  *Ayoola v. OG&E Energy Corp.,* No. 13-804, 2014 WL 111144, at * 2 (W.D. Okla. Jan 10, 2014); *see also Brooks v. ATV/Vancom, Inc.*, No. 2:06-cv-968, 2007 WL 1063059 (D. Nev. April 4, 2007) ("The mere act of checking [a] . . . box . . . is insufficient to satisfy the requirement that Plaintiff exhaust her administrative remedies before filing a Complaint . . . .").

Plaintiff, therefore, has failed to exhaust his administrative remedies with respect to any claim for disparate treatment based on color, religion, sex, or national origin.  In the absence of exhaustion, the Court lacks jurisdiction over the claim to the extent that it has been premised upon any of these grounds.  Consequently, the only remaining basis for Plaintiff's "disparate treatment" claim is race.  However, the claim should not be allowed to proceed on that basis because it would be redundant of and merely restate Plaintiff's "First Cause of Action" for "race discrimination."  Accordingly, Plaintiff's "disparate treatment" claim should be dismissed in its

entirety with prejudice.[5]

### 2. Plaintiff did not raise a "failure to promote" claim in the Charge.

Plaintiff's "failure to promote" claim ("Fourth Cause of Action") is similarly barred by his failure to exhaust administrative remedies. Plaintiff's Charge does not contain any reference to or allegations of failure to promote. The Charge does not even indicate that Plaintiff sought a promotion, let alone that he was denied one for any discernible discriminatory reason. Nothing in the Charge would create a reasonable expectation that a failure to promote claim would arise out of the EEOC's investigation. The only discrete act mentioned in the Charge is Plaintiff's alleged termination. Because a failure to promote is an easily identifiable discrete act, and each discrete act constitutes its own unlawful employment practice for which administrative remedies must be exhausted, *see Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), Plaintiff has failed to exhaust his administrative remedies with respect to his failure to promote claim.

Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's failure to promote claim, and it must be dismissed with prejudice.[6] *See, e.g., Avington v. State of Okla. Office of Juvenile Affairs*, No. 08-0571, 2009 WL 661390, at *3-4 (N.D. Okla. March 11, 2009) (J. Eagan) (dismissing failure to promote claim that was not alleged in charge of discrimination for lack of subject matter jurisdiction); *Waggoner v. James*, No. 13-1133, 2014 WL 582957, at *1-2 (W.D. Okla. Feb. 13, 2014) (same).

---

[5] Dismissal with prejudice is appropriate because it is impossible for Plaintiff to amend this claim. Because Oklahoma is a deferral state, Plaintiff "had 300 days from the date of the alleged unlawful conduct to file his charge." *Riley v. Tulsa Cnty. Juvenile Bureau*, 421 Fed. Appx. 781, 783 (10th Cir. 2010). Plaintiff claims that he was terminated on or about May 28, 2013 (*see* Doc. 4 at ¶¶ 21-28); therefore, it is entirely too late for Plaintiff to file a new charge of discrimination based on the alleged events at issue here. *See id*.

[6] Dismissal with prejudice is appropriate because it is impossible for Plaintiff to amend this claim. Presumably, the alleged "failure to promote" occurred sometime before Plaintiff's alleged termination on or about May 28, 2013 (*see* Doc. 4 at ¶¶ 21-28); therefore, it is entirely too late for Plaintiff to file a new charge of discrimination based on that incident. *See Riley*, 421 Fed. Appx. at 783.

### C.      Plaintiff Fails To State A Plausible Claim For Relief Against Defendant

Dismissal is also warranted under Rule 12(b)(6) because Plaintiff has failed to allege facts sufficient to set forth a plausible claim for relief under any cognizable legal theory.

#### 1.      **Plaintiff fails to allege facts sufficient to state a claim for race discrimination.**

In his "First Cause of Action," Plaintiff attempts to claim that he was subjected to discrimination in violation of Title VII on the basis of race.  To state a plausible claim for race discrimination, Plaintiff must allege facts to show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  Plaintiff falls short of this burden.

Plaintiff fails to state a plausible claim for race discrimination because he has not set forth any facts identifying similarly situated employees outside his protected class who were treated more favorably.  The case of *McDonald v. Glanz*, No. 12-cv-374, 2013 WL 140099 (N.D. Okla. Jan. 10, 2013) is instructive.  The plaintiff in *McDonald* attempted to assert a Title VII race discrimination claim based on allegations that "she was aware" of "a number of Caucasian employees" with permanent work restrictions received accommodations; however, her request for light duty was denied and she was terminated.  *Id*. at *4.  Chief Judge Frizzell granted the defendant's motion to dismiss, finding that the plaintiff's race discrimination claim "lack[ed] sufficient factual allegations supporting the conclusory statement that Caucasian employees were treated differently, as plaintiff's 'awareness' may be wholly based on hearsay, and she has failed to identify the Caucasian employees who were treated differently."  *Id*.

Here, Plaintiff's allegations regarding the existence of similarly situated "white Caucasians" are as deficient as those in *McDonald*, if not more so, and warrant dismissal.

8

Plaintiff fails to sufficiently identify any similarly situated employees outside of his protected class who allegedly received more favorable treatment, let alone set forth any facts demonstrating that he was qualified for the assignments allegedly received by the phantom comparators. Instead, Plaintiff alleges only that he "*realized* that he was not being given job assignments as . . . other white Caucasians." (Doc. 4 at ¶¶ 9, 35 (emphasis added).) Such speculative conclusions are not entitled to the assumption of truth. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001).

Moreover, Plaintiff fails to state a plausible claim for race discrimination because he has not proffered any non-conclusory allegations permitting the inference that Defendant allegedly refused to immediately assign Plaintiff to a job because of his race. Plaintiff has alleged, at best, only conclusory allegations of racial animus. Specially, Plaintiff claims that he "*believe[s]*" the conduct attributed to Defendant was racially motivated; a conclusion apparently based on nothing more than Defendant's placement of "other white Caucasians" in jobs. (Doc. 4 at ¶¶ 9, 35.) However, "[m]ere differences in race do not, by themselves, support an inference of racial animus." *Green v. Corr. Corp. of Am.*, 401 Fed. Appx. 371, 376 (10th Cir. 2010).

Striking the aforementioned conclusory allegations, the Court is left with the following facts, which if taken as true, utterly fail to state a claim for race discrimination: (1) Plaintiff is African-American; (2) upon hire, Defendant failed to immediately provide Plaintiff with a job assignment; (3) Defendant told Plaintiff that it had no jobs immediately available; and (4) Defendant provided Plaintiff with "regular working hours" in December 2012. (*See* Doc. ¶¶ 11, 34-39.) At best, there is nothing other than sheer speculation to link the Defendant's alleged failure to immediately offer Plaintiff a job assignment to a discriminatory motive. Plaintiff's subjective beliefs that actions were taken based on race are not sufficient to state a claim for

9

relief under Title VII. *See, e.g., McDonald*, 2013 WL 140099, at *4; *Miller v. Kemp*, No. 11-cv-530, 2012 WL 1592537, at *5 (N.D. Okla. May 4, 2012) (holding that plaintiff failed to state a claim for race discrimination where plaintiff relied solely upon conclusory allegations of racial animus). Accordingly, for the foregoing reasons, Plaintiff has failed to state a claim for race discrimination and the "First Cause of Action" should be dismissed with prejudice.[7]

### 2. Plaintiff fails to allege facts sufficient to state a claim for retaliation.

Plaintiff also fails to set forth a plausible claim for retaliation under Title VII. To state a plausible claim for retaliation, Plaintiff must present facts to show that (1) he engaged in protected opposition to discrimination, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse employment action. *See Khalik*, 671 F.3d at 1193. Plaintiff, again, falls short of this burden.

The Amended Complaint contains absolutely no factual allegations establishing that Plaintiff suffered an adverse employment action or the requisite causal connection. Plaintiff, instead, relies upon conclusory assertions of retaliation and random references to Title VII. (Doc. 4 at ¶¶ 46-50.) For example, Plaintiff alleges that Defendant subjected him to "extreme conduct . . . as an act of retaliation," but fails to provide any facts describing the nature or severity of the alleged conduct or establishing retaliatory animus. (Doc. 4 at ¶ 46.) Similarly, Plaintiff alleges -- without providing any factual support whatsoever (and in direct contradiction to other allegations[8]) -- that he "was subjected to" "denial of promotion, refusal to hire, denial of job benefits, demotions, suspension, and discharge, threats, reprimands negative evaluations,

---

[7] Dismissal with prejudice is warranted because any opportunity to amend would be futile due to Plaintiff's inability to allege discriminatory animus.

[8] For instance, Plaintiff claims in Paragraph 7, he was hired by Defendant, which would negate any suggestion of "failure to hire." (Doc. 4 at ¶ 7). Likewise, in Paragraph 19, Plaintiff claims that he received "no complaints" about his work performance, which belies any suggestion of alleged "demotions, suspensions," "reprimands" or "negative evaluations." (*Id.* at ¶ 19).

[and] harassment." (*Id.* at ¶¶ 47). These are precisely the kind of naked, conclusory factual allegations that the Tenth Circuit found insufficient to state a claim in *Khalik*. *See Khalik*, 671 F.3d at 1193. Accordingly, Plaintiff has failed to state a claim for retaliation, and the "Second Cause of Action" should be dismissed with prejudice.[9]

### 3. Plaintiff fails to allege a plausible claim for age discrimination.

Plaintiff's claim for age discrimination ("Third Cause of Action") also lacks a sufficiently pleaded factual basis. To state a plausible claim for age discrimination, Plaintiff must present facts to show that (1) he is a member of a protected class protected (*i.e.,* over 40 years old); (2) he suffered an adverse employment action; (3) he was qualified for the position at issue; and (4) he was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). Plaintiff, once again, falls short of this burden.

The Amended Complaint is completely devoid of any suggestion that Plaintiff's age had anything to do with any employment decision taken by Defendant. Plaintiff merely states his age and alleges that he "should not have been treated differently" because of it. (Doc. 4 at ¶¶ 34, 54.) Plaintiff provides no further factual allegations. Plaintiff neither mentions the existence of younger persons below the threshold age of the protected class, nor alleged any facts demonstrating disparate treatment among similarly situated employees. In fact, the only other reference to "age" in the Amended Complaint is a conclusory allegation in Paragraph 9 stating

---

[9] Dismissal with prejudice is warranted because any opportunity to amend would be futile. Plaintiff's alleged termination is the only arguable adverse employment action identified in the Amended Complaint that allegedly occurred after Plaintiff allegedly made an internal complaint. However, Plaintiff does not contend that his alleged termination had anything to do with his alleged internal complaint. Just the opposite, Plaintiff states that Defendant removed him from the "Colonial Manor Nursing Center" per the instruction of the "staffing coordinator" at the Center following a complaint that Plaintiff had been "physically and verbally abusive towards" a patient. (Doc. 4 at ¶ 5.) Furthermore, Plaintiff does not allege any facts suggesting retaliatory motive or even that the person who allegedly terminated him even knew about his alleged internal complaint.

that Plaintiff "believe[s]" Defendant's "staffing coordinators" refused to immediately assign him to a job, in part, "because of his age . . . ." (*Id.* at ¶ 9.)

Plaintiff's generic, conclusory allegations of age discrimination do not provide Defendant any notice of the substance of Plaintiff's claim. To survive dismissal Plaintiff must do more than conclude he has been discriminated against because of his age. Accordingly, Plaintiff's age discrimination claim ("Third Cause of Action") should be dismissed.[10] *See, e.g., Carey v. Avis Budget Car Rental, LLC*, No. 13-cv-0326, 2013 WL 5744754, at *5 (N.D. Okla. Oct. 23, 2013) (dismissing age discrimination claim based on conclusory allegations).

### 4. Plaintiff's "failure to promote" claim lacks a sufficiently pleaded factual basis.

Plaintiff's allegations of failure to promote are conclusory and devoid of the factual enhancement needed to state a plausible claim. To state a plausible claim of discrimination resulting in a failure to promote, Plaintiff must allege facts to show that: (1) he was a member of a protected class; (2) he applied and was qualified for an open position; (3) despite being qualified, he was rejected; and (4) the position remained open or was filled with a nonminority. *See MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005). Plaintiff falls short of making the required showing.

Plaintiff fails to allege facts sufficient to address the second element of his *prima facie* case. Plaintiff, at best, has alleged that he generally inquired about work as a private duty nurse. (Doc. 4 at ¶ 16.) Even then, Plaintiff does not state that such a transfer would constitute a

---

[10] Dismissal with prejudice is warranted because any opportunity to amend would be futile. Plaintiff appears to have predicated his age discrimination claim upon his "belie[f]" that Defendant's "staffing coordinators" refused to immediately assign him to a job "because of his age and race." (Doc. 4 at ¶ 9.) However, *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 180 (2009), makes clear that Plaintiff may not proceed under such a mixed motive theory. Rather, Plaintiff "must prove that age was the 'but-for' cause of [Defendant's] adverse decision." *Id*. Accordingly, Plaintiff cannot state a claim under the ADEA.

"promotion." Plaintiff also fails to allege facts demonstrating that Defendant actually had any *open* private duty nursing positions. Quite the opposite, Plaintiff admits in Paragraph 20 that "no work for private duty nursing was available." (*Id*. at ¶ 20.) Plaintiff similarly fails to allege that he actually applied for a position or that he was otherwise qualified to work as a private duty nurse. Plaintiff simply states that he expressed a general interest in working as a private duty nurse and obtained a certification to advance that interest. (*Id*. at ¶¶ 16-20.) Plaintiff's general allegations about a sought-after position are insufficient to state a plausible failure to promote claim. *See, e.g., Romaine v. New York City Coll. Of Tech. of the City Univ. of New York*, No. 10-cv-431, 2012 WL 1980371, at *3 (June 2, 2012) ("[A]llegation that a general request for promotion was made is insufficient for purposes of stating a failure to promote claim.").

Notwithstanding, Plaintiff also fails to allege that he was discriminatorily denied a promotion. The Amended Complaint contains no factual allegations whatsoever inferring or suggesting that Defendant's alleged failure to offer Plaintiff private duty nursing work was based upon a prohibited classification. Accordingly, Plaintiff's "failure to promote" claim ("Fourth Cause of Action") should be dismissed with prejudice. *See, e.g., Thomas v. Office of Juvenile Affairs*, No. 03-cv-51, 2005 WL 2172032, at 2 (W.D. Okla. Sept. 6, 2005) (dismissing "Title VII failure to promote claim" because it was not based upon a prohibited classification); *Brown v. Coach Stores, Inc*., 163 F.3d 706, 710 (2d Cir. 1998) (holding that plaintiff must allege that he "was rejected under circumstances which give rise to an inference of unlawful discrimination.").

### 5.     **Plaintiff fails to state a claim for "disparate treatment."**

Plaintiff's disparate treatment claim is an illogical and random string of phrases which fail to state a claim upon which relief can be granted. To state a claim of disparate treatment, Plaintiff must allege facts to show that (1) he is a member of a protected class; (2) he suffered an

13

adverse employment action; and (3) the adverse employment action took place under circumstances giving rise to an inference of discrimination. *See Watkins v. Chevron*, 370 Fed. Appx. 919, 920 (10th Cir. 2010). Other than his membership in a protected class, Plaintiff has set forth absolutely no facts plausibly suggesting any of these elements.

Indeed, it is impossible to discern a factual or legal basis of this claim. In paragraph 62, Plaintiff states that he was somehow "retaliated against . . . for filing a grievance." Yet, in the very next paragraph, Plaintiff alleges that he was "treated differently because of his race, color, religion, sex, or national origin." (Doc. 4 at ¶¶ 62-63.) Either way, Plaintiff fails to allege with any specificity what actions on the part of Defendant were improper or unlawful. Plaintiff, instead, offers only naked, conclusory statements that do not provide Defendant with fair notice of the claim being asserted against it. *See Khalik*, 671 F.3d at 1193.

Additionally, this claim appears to be nothing more than a jumbled restatement of Plaintiff's other claims. It should, therefore, be dismissed with prejudice as duplicative (or for the same reasons as noted above). *See, e.g., Godbold v. Edmond Transit Mgmt., Inc.*, No. 12-cv-620, 2013 WL 42375, at *6 (W.D. Okla. Jan. 2, 2013).

**D.     The Amended Complaint Should Be Dismissed Under 28 U.S.C. § 1915**

The Court should also dismiss the Amended Complaint under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Tijerina v. Patterson*, 543 Fed. Appx. 771, 774 (10th Cir. 2013). As demonstrated above, Plaintiff cannot prevail on the facts he has alleged. Furthermore, any opportunity to amend would be futile because several of the claims are barred by Plaintiff's failure to exhaust administrative remedies, which cannot be cured as noted above,

14

and none of the claims are supported by facts that even remotely suggest retaliatory or discriminatory animus.[11] *See, e.g., Kenney v. AG Equip. Co*., 462 Fed. Appx. 481, 843-44 (10th Cir. 2012) (affirming dismissal complaint without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) where the plaintiff "offered no allegations of discrimination . . . that come close to stating a plausible claim for relief.").

This case is the latest example of Plaintiff's abuse of process. Plaintiff has initiated seven other discrimination-based lawsuits in the past five years -- nearly all of which Plaintiff proceeded *in forma pauperis* against former employers. The following is a listing of these cases:

- *Avington v. Office of Juvenile Affairs*, No. 4:08-cv-571 (N.D. Okla.) (J. Eagan);
- *Avington v. Lowe's Home Centers, Inc*., No. 4:08-cv-722 (N.D. Okla.) (J. Payne);
- *Avington v. Commc'n Workers of Am./AFL-CIO Okla. State Workers Union Local 6086*, No. 4:08-cv-571 (N.D. Okla.) (J. Dowdell);
- *Avington v. v. Andales Rest. Corp. d/b/a Andales Tex-Mex Grill & Cantina,* No. 4:10-cv-540 (N.D. Okla.) (J. Eagan);
- *Avington v. Metro. Tulsa Urban League*, No. 4:12-cv-621 (N.D. Okla.) (J. Dowdell);
- *Avington v. Renaissance Mgmt. Group, Inc*. No. 2011-3877 (Dist. Ct. Tulsa Cnty., Okla.); and
- *Avington v. Colonial Manor Nursing Ctr.*, No. 2013-2947 (Dist. Ct. Tulsa Cnty., Okla.)[12].

Notably, the Amended Complaint filed in this case mirrors the complaints filed in nearly all of the aforementioned cases. Plaintiff's use of this template explains the incoherence of the Amended Complaint, which appears to include remnants from Plaintiff's other lawsuits.

### III. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court enter an Order (1) dismissing the Amended Complaint with prejudice and (2) awarding Defendants any other relief the Court deems just and proper.

---

[11] Additional grounds regarding futility are noted above.

[12] Notably, in this case, Plaintiff sued the nursing facility at which Defendant placed Plaintiff for slander because the facility allegedly informed Defendant that Plaintiff had physically and verbally abused a patient. Plaintiff further alleged Defendant terminated his employment because of this statement. (*See Avington v. Colonial Manor Nursing Ctr., et a*l., No. 2013-2947 (Dist. Ct. of Tulsa Cnty., Okla.), Doc.1 at ¶-12.) Despite these allegations, Plaintiff now disingenuously claims that Defendant terminated for discriminatory or retaliatory reasons.

DATED this 24th day of July, 2014.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*/s/ Denise Cotter Villani*
Denise Cotter Villani
Oklahoma Bar No. 10255
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927
Kathleen A. Liever (Admitted *Pro Hac Vice*)
Florida Bar No. 044495
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile: (813) 289-6530

AND

**CROWE & DUNLEVY**
Randall J. Snapp
Oklahoma Bar No. 11169
CROWE & DUNLEVY
321 South Boston Avenue
500 Kennedy Building
Tulsa, OK 74103
Telephone: (918) 592.9800
Facsimile: (918) 592.9801

**ATTORNEYS FOR DEFENDANT**
**MAXIM HEALTHCARE SERVICES, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 24, 2014, I electronically transmitted the attached document, Entry of Appearance, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following ECF registrants:

> Denise Cotter Villani
> Randall J. Snapp
> Kathleen A. Liever

**I FURTHER CERTIFY** that on July 24, 2014, a true and correct copy of the above and foregoing was transmitted via U.S. Certified Mail to the following:

> A.V. Avington, Jr./Pro Se
> 1815 North Denver Ave.
> Tulsa, Oklahoma 74106-4141

                           */s/ Denise Cotter Villani*
                           Attorney

18440828.1