IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

OCT 1 4 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| 1). A.V. AVINGTON, JR. on behalf of himself, | ) | |
| | ) | |
| | ) | |
| **Plaintiff/Pro se,** | ) | |
| | ) | |
| | ) | Case No. 14 CV-00233 |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| 2). MAXIM STAFFING SOLUTIONS, AGENCY INC., | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## PLAINTIFF(S) SECOND  AMENED COMPLAINT

**COMES NOW** the Plaintiff A.V. Avington, Jr., on behalf of himself, acting

*Pro se* and for his cause of action against Maxim Staffing Solutions Agency Inc.,

hereby alleges and states as follows:

1. That this is a civil action for illegal discrimination in employment in

violation of 42 U.S.C. (A) Sec. 2000 (e) et seq.  Plaintiff is an African American black

male resident of the City of Tulsa, State of Oklahoma.  Defendant(s) the Maxim Staffing

Solutions Agency Inc., is a national non-profit entity with a branch and local office

located in the City of Tulsa.

2. That this court has both jurisdiction and venue for this cause of action

pursuant to 42 U.S.C. Sec 2000 (e) – 2 (a) (1) – (2) et seq.  That venue of this action is

further proper in the Northern District Federal court for the State of Oklahoma.

3. That Plaintiff has further fulfilled all jurisdictional prerequisites required

for the filing of this action, including the timely filing of administrative complaints with

both the Oklahoma Human Rights Commission and the Equal Employment Opportunity Commission.

4.   That Plaintiff has further received his Notice of Right to Sue letter from the EEOC on or about February 13, 2014, and has herewith filed this instant complaint in a timely manner within ninety days from receipt of said letter.

## I.   STATEMENT OF BACKGROUND FACTS

5.   That this Court has issued an opinion and order on or about September 30, 2015, allowing Plaintiff to file an amended complaint and he herewith with this instant pleading submits said Second Amended Complaint.

6.   That on or about November 1, 2012, the Plaintiff began his employment at the Maxim Staffing Solutions Agency after completing the required prerequisites for employment for a Certified Nurse Aide.

7.   That on or about December 1, 2012, the staffing coordinators refused to place the Plaintiff on available needed jobs as the Plaintiff would continue requesting

8.   That defendants agents actions of refusing to assign Plaintiff to available jobs with said defendant were motivated by racial bias and prejudice of said agent's against the Plaintiff as there was no other justifiable and/or legitimate business reason for said caucasian agents to refuse to assign the Plaintiff to available jobs open at defendants business.

9.   That the Plaintiff filed a grievance with Maxim Staffing Solutions Agency Inc., corporate office on or about December 15, 2012, in reference to how the Plaintiff was being overlooked for work after being initially hired in November 2012.

10.  That the Maxim Staffing Solutions Agency Inc., corporate office

2

investigated the Plaintiff(s) complaint and thereafter the Plaintiff was given regular working hours to include traveling long distance in the State of Oklahoma for work.

## II.   CAUSE OF ACTION BASED UPON DISCRIMINATION BECAUSE OF DISPARATE TRATMENT

11. That Plaintiff herewith incorporates by reference all factual allegations set forth above in his allegations for this instant claim of disparate treatment because of race.

12. That the Plaintiff was treated differently than other Caucasian employees of defendant(s) in relation to work assignments. That Plaintiff was assigned to jobs outside of the City of Tulsa.....i.e... Claremore and Stillwater while other Caucasians employees of defendant were assigned to jobs within the City of Tulsa.

13. That the assignment of out-of-town jobs to Plaintiff created an extreme hardship and difficulty to Plaintiff because of the extended travel.

14. That defendant had job assignments within the City of Tulsa which Plaintiff was qualified to do and could perform but because of his race, i.e. African American, Plaintiff was not given nor assigned to any in town jobs until he was given the job assignment at Colonial Manor Nursing facility.

15. That Plaintiff further properly performed his job at Colonial Manor however the reason given by defendant Maxim for refusing to assign Plaintiff other jobs besides Colonial Manor was false and used as a pretext to force Plaintiff to become frustrated with his job and voluntarily quit.

16. That the Plaintiff requested and asked Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist if he could provide Private Duty Nursing in homes, hospitals, or long term care facilities.

17.  That caucasian employees were further not required to obtain additional training in order to perform the job of private duty nursing as Plaintiff was so required to do.

18.  That Plaintiff is further aware of at least three separate caucasian employees of defendant who were assigned to jobs within the City of Tulsa while Plaintiff was required to accept jobs out-of-town.

19.  That the above stated actions of defendant wherein Plaintiff was accorded different treatment than Caucasian employees caused great mental anguish and emotional distress to Plaintiff for which reason Plaintiff should be properly compensated in accordance with the law.

**III.      CAUSE OF ACTION FOR RETALIATION**

20.  That Plaintiff herewith incorporates by reference all relevant and pertinent factual allegations set forth above in relation to this instant claim for retaliation.

21.  That the Plaintiff made continued phone calls and visits to the Maxim Staffing Solutions Agency Inc., to inquire as to why he had not been given a job assignment and was told that they had nothing to offer the Plaintiff.

22.  That after many failed attempts to communicate with the local Maxim Staffing Solutions Agency Inc., staff, the Plaintiff called the corporate office and filed a grievance based on his race and age with the grievance department trying to get some answers as to why he was being overlooked for job assignments after being hired to work.

23.  That the Plaintiff complained of race and age discrimination to the corporate office grievance department prior to his first job assignment because he was being treated

4

differently while observing white caucasians, Certified Nurse Aide's being assigned to various jobs that were available.

24.   That after the corporate office investigation the Plaintiff was called by the Maxim Staffing Solutions Agency staff to discuss his grievance concerning his race and age and thereafter the Plaintiff was given a job assignment.

25.   That Plaintiff truthfully knows and verily believes that the only reason defendants agents refused to give to Plaintiff any job assignments within the City of Tulsa except for that assignment at Colonial Manor was as an act of punishment and retaliation for having filed a grievance with the corporate office of defendant.

26.   That to the best of Plaintiffs knowledge and belief he was the only C.N.A., employed by defendants of African American descent and agents of said defendant routinely accorded to Plaintiff hostile and boorish treatment in relation to their behavior and treatment of other caucasian employees.

27.   That the Plaintiff continued seeking employment daily at the Maxim Staffing Solutions Agency Inc., calling and visiting the facility while no further attempts were made by the staffing agency to assign the Plaintiff work assignments.

28.   That the Senior Health Care Specialist extreme conduct exhibited towards Plaintiff was done without justification and/or excuse, but done merely as an act of retaliation against Plaintiff for lodging an earlier complaint and grievance against the said Maxim Staffing Solutions Agency Inc., for employment discrimination concerning his race and age.

29.   That as a proximate cause of Maxim Staffing Solutions Agency Inc., Senior Health Care Specialist retaliation against the Plaintiff Plaintiff was damaged by mental

5

anguish and emotional distress suffering major depression and anxiety that will require

past and future psychological and psychiatric expenses

## **PRAYER FOR RELIEF FOR ALL CLAIMS**

*WHEREFORE,* Plaintiff prays that after a jury trial, this court enter judgment in

his favor against defendant(s) Maxim Staffing Solutions Agency Inc., on each of the

Causes of Action asserted against it and grant and grant the Plaintiff over $200.000.00

dollars, including both actual and punitive damages and such relief as the Court or jury

finds to be appropriate, including the following:

      A.      Granting Plaintiff actual damages, including actual expenses expended

and reasonable expenses for future medical treatment.

      B.      Granting Plaintiff sufficient damages to compensate Plaintiff for mental

anguish and major depression and anxiety.

      C.      Granting Plaintiff an award of compensatory and punitive damages

Against Maxim Staffing Solutions Agency Inc., sufficient to punish defendant(s) for their

wrong doing, as well as to dissuade others from engaging in similar violations of the law.

      D.      Granting Plaintiff back pay on wages occurred for promotions, and

prejudgment and post judgment interest against Maxim Staffing Solutions Agency Inc.

      E.      Granting to Plaintiff an award of all costs and expenses expended in the

prosecution of this action.  Including Plaintiff(s) reasonable attorney's fees if incurred.

      F.      Granting to Plaintiff such further, additional or alternative relief as the

Court deems fit and proper.

                        Respectfully submitted,

A.V. AVINGTON, JR/PRO SE
1815 North Denver Ave.
Tulsa, Oklahoma 74106-4141
Phone:  794-6946
Cell:  948-0090
Tulsa, Oklahoma 74106-4141
 av_avingtonjr@yahoo.com

7

## CERTIFICATE OF SERVICE

**UNDER PENALTY OF PERJURY, I CERTIFY** that a copy of the foregoing was provided by regular U.S. Mail  Crowe & Dunlevy 321 South Boston Ave attorney for the defendant(s) Maxim Staffing Solutions.

TO:  Crowe & Dunlevy
     Randal J. Snapp
     Oklahoma Bar No. 11169
     321 South Boston Avenue
     500 Kennedy Building
     Tulsa, Oklahoma 74103

**A.V. AVINGTON, JR.**