UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A.V. AVINGTON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:14-cv-00233-JED-PJC |
| § | |
| MAXIM HEALTHCARE SERVICES INC., § | |
| d/b/a MAXIM STAFFING SOLUTIONS | |
| AGENCY, INC., § | |
| § | |
| Defendant. § | |

### DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendant MAXIM HEALTHCARE SERVICES, INC. D/B/A MAXIM STAFFING SOLUTIONS ("Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii), moves this Court for an Order dismissing the Second Amended Complaint filed by Plaintiff A.V. AVINGTON, JR. ("Plaintiff"), (Doc. 22) in its entirety with prejudice for failure to state a claim upon which relief can be granted. Defendant offers the following brief in support its Motion.

### I.  INTRODUCTION AND RELEVANT BACKGROUND

On May 13, 2014, Plaintiff initiated this lawsuit by filing his original *pro se* Complaint against Defendant and moving for leave to proceed *in forma pauperis*. (*See generally*, Docs. 1, 2.) On May 15, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* Doc. 3.) Shortly thereafter, on May 19, 2014, Plaintiff filed an Amended Complaint. (*See* Doc. 4.) On July 24, 2014, Defendant filed a Motion to Dismiss and Brief in Support (Doc. 11), seeking dismissal of the Amended Complaint. On August 13, 2014, Plaintiff filed a Response to Defendant's Motion to Dismiss with Request to File [Second] Amended Complaint. (*See* Doc. 14.)

On September 30, 2014, the Court entered an Opinion and Order granting Defendant's Motion to Dismiss and granting in part Plaintiff's request for leave to amend. (Doc. 21.) The Court's Order stated:

> If desired, [Plaintiff] may amend in an attempt to state plausible claims for race discrimination, age discrimination, and retaliation and any such amendment shall be filed by October 14, 2015. No other new claim shall be inserted in any amendment.

*Id.* On October 14, 2015, Plaintiff filed Plaintiff(s) Second Amended Complaint. (*See* Doc. 22.)

Plaintiff's Second Amended Complaint whittles his claims against Defendant down to two causes of action: (1) race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"); and (2) retaliation under Title VII (*See generally* Doc. 22.) Despite the clear instructions in the Court's Order, Plaintiff has failed to allege facts sufficient to set forth a plausible claim for relief against Defendant under any cognizable legal theory. Accordingly, dismissal of the Second Amended Complaint is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Plaintiff's *pro se* status affords him some leniency with respect to federal pleading standards, it is not a license to ignore the standards completely. Similarly, Section 1915(e)(2)(B)(ii) of Title 28 requires dismissal of a lawsuit filed in *forma pauperis* if the Court determines that the action "fails to state a claim on which relief may be granted." Because Plaintiff's claims fail under either analysis, Defendant seeks dismissal on these grounds.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Applicable Legal Standards

#### 1.   <u>Dismissal under Federal Rule of Civil Procedure 12(b)(6).</u>

Although the Court construes *pro se* pleadings liberally, Plaintiff's *pro se* status does not

excuse him from complying with federal pleading standards. *See Chase v. Divine*, 543 Fed. Appx. 767, 769 (10th Cir. 2013). As the Court rightfully noted in its Opinion and Order, "'the rule of liberal construction [of *pro se* filings] stops . . . at the point at which [the Court begins] to serve as [the plaintiff's] advocate.'" (*See* Doc. 21.)(quoting *United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009). To avoid dismissal pursuant to Rule 12(b)(6), Plaintiff need not set out facts sufficient to make out all substantive elements of his claims; however, he must allege "enough factual allegations to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility" if Plaintiff pleads factual content that allows the Court "to draw the reasonable inference that [D]efendant is liable for the misconduct alleged." *Matthews v. LaBarge, Inc.*, 407 Fed. Appx. 277, 280 (10th Cir. 2011).

Furthermore, although the Second Amended Complaint need not recite "detailed factual allegations," it must contain enough facts to "raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). Although the Court must construe well-pleaded facts as true, it is not "bound to accept as true a legal conclusion couched as a factual allegation," nor is it required to accept as true allegations that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1109-12 (10th Cir. 1991). As the Court noted in its Opinion and Order, the rule of liberal construction does not transform vague and conclusory arguments into valid claims for relief. (*See* Doc. 21, p. 6.)(citing *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994)).

2. **Dismissal under 12 U.S.C. § 1915(e)(2)(B)(ii).**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2), the Court "shall dismiss" any claims that "fail to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The determination of failure to state a claim under § 1915 is the same as the determination under Rule 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

B. **Plaintiff's Second Amended Complaint Fails To State A Plausible Claim For Relief Against Defendant.**

Despite the Court's thorough discussion of the deficiencies in Plaintiff's Amended Complaint and clear instructions as to what was needed to plead a plausible claim for race discrimination or retaliation, Plaintiff's Second Amended Complaint suffers from the same deficiencies as his Amended Complaint. Oddly, Plaintiff's response to the Court's Order appears to include even fewer facts in support of the causes of action brought in his Second Amended Complaint than those that were contained in his Amended Complaint. Accordingly, dismissal of the Second Amended Complaint is warranted under Rule 12(b)(6) because Plaintiff has failed to allege facts sufficient to set forth a plausible claim for relief under any cognizable legal theory.

1. **Plaintiff fails to allege facts sufficient to state a claim for race discrimination.**

In the first count of the Second Amended Complaint, entitled "Cause of Action Based Upon Discrimination Because of Disparate Treatment," Plaintiff attempts to claim that he was subjected to discrimination in violation of Title VII on the basis of race. To state a plausible

claim for race discrimination, Plaintiff must allege facts to show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  Plaintiff falls short of this burden.

It is not clear from the Second Amended Complaint what adverse employment actions Plaintiff is alleging as part of his claim of race discrimination. Notably, the Second Amended Complaint is devoid of any allegations of discriminatory termination. Plaintiff accordingly appears to have abandoned this claim. In his claim for disparate treatment discrimination, Plaintiff alleges that (1) he was assigned to jobs outside of the City of Tulsa while unidentified Caucasian employees were assigned to jobs within the City of Tulsa (at least until Plaintiff was ultimately assigned to a job at Colonial Manor nursing facility within Tulsa); (2) he was required to obtain additional training to perform the job of a private duty nurse while unidentified Caucasian employees were not; and (3) an unidentified reason that Defendant allegedly gave for refusing to assign Plaintiff to jobs other than one he held at Colonial Manor was "false and used as a pretext to force Plaintiff to become frustrated with his job and voluntarily quit."

First, Plaintiff's allegations that Defendant tried to force Plaintiff to become frustrated with his job and voluntarily quit are vague and nonsensical. The Second Amended Complaint does not contain any other allegations regarding Plaintiff's position at Colonial Manor, nor does it allege that Plaintiff ever voluntarily quit his position. Indeed, any such allegation would directly contradict Plaintiff's Amended Complaint, which alleged that Plaintiff was terminated from his employment with Defendant. (Doc. 4, ¶31). Plaintiff's Second Amended Complaint does not allege what "the reason given by defendant Maxim for refusing to assign Plaintiff other

5

jobs besides Colonial Manor" was or who of Defendant's employees allegedly gave that reason. In any event, it is clear that such would not constitute an adverse employment action if such is Plaintiff's intent. An "adverse employment action" for purposes of a Title VII discrimination claim "'constitute[s] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits.'" *Orr v. City of Albuquerque,* 417 F.3d 1144, 1150 (10th Cir. 2005)(quoting *Stinnett v. Safeway, Inc.,* 337 F.3d 1213, 1217 (10th Cir. 2003)). The alleged conduct cited by Plaintiff simply does not qualify.

Second, Plaintiff's allegations that he was required to obtain additional training to perform the job of private duty nurse while other unidentified Caucasian employees were not is an impermissible attempt to rehash the failure to promote claim pled in the Fourth Cause of Action in the Amended Complaint. (*See* Doc. 4, ¶¶16-18, 57-60.) In his Amended Complaint, Plaintiff clearly styled his alleged pursuit of a private duty nursing position as a promotion. Furthermore, Plaintiff's Second Amended Complaint continues to seek damages for "back pay on wages occurred for promotions." (*See* Doc. 22, ¶D.) The Court dismissed Plaintiff's failure to promote claim with prejudice for failure to exhaust that claim. (*See* Doc. 21, p. 8.) Accordingly, Plaintiff's claims regarding his pursuit of a promotion to private duty nurse must again be dismissed with prejudice.

To the extent that Plaintiff's allegations regarding the allegedly disparate training requirements between him and other unidentified Caucasian employees for promotion to a private duty nurse are not connected to a cause of action for a failure to promote, such would not constitute adverse employment actions under Title VII. Additionally, Defendant notes that Plaintiff has not alleged what training requirements he is referring to or identified the Caucasian

employees who were not subjected to such training requirements.  Finally, Plaintiff's failure to exhaust those claims in his Charge of Discrimination precludes their inclusion in the Second Amended Complaint.[1]

With regard to Plaintiff's allegations that Defendant failed to assign him to job assignments, Plaintiff has again failed to allege any facts to support a viable claim that he was subjected to discrimination on the basis of his race.  In its dismissal of the Amended Complaint the Court expressly noted:

> For example, Avington has not identified any similarly situated Caucasian employees who were treated better than him in job assignments or receipt of job-related benefits.  Avington has also failed to aver any facts supporting any claim that he was terminated because of his race.  It is not enough to merely allege that he is African-American and was terminated, which is in essence all that he has factually asserted in his Amended Complaint.

Despite this clear-cut illustration of the Amended Complaint's deficiencies, Plaintiff pled even fewer facts in support of the causes of action he is now attempting to advance in his Second Amended Complaint.

Plaintiff continues to fail to state a plausible claim for race discrimination because he has not set forth any facts identifying similarly situated employees outside his protected class who were treated more favorably.  The case of *McDonald v. Glanz*, No. 12-cv-374, 2013 WL 140099 (N.D. Okla. Jan. 10, 2013) is instructive.  The plaintiff in *McDonald* attempted to assert a Title VII race discrimination claim based on allegations that "she was aware" of "a number of Caucasian employees" with permanent work restrictions received accommodations; however, her request for light duty was denied and she was terminated.  *Id*. at *4.  Chief Judge Frizzell granted

---

[1] Plaintiff's Charge of Discrimination alleges "I requested private duty nursing jobs and was advised that I would need to have a Certified Home Health Aide Certificate, which I obtained." There is no allegation that this was a different standard than that required of other employees. *See* Exhibit A.

the defendant's motion to dismiss, finding that the plaintiff's race discrimination claim "lack[ed] sufficient factual allegations supporting the conclusory statement that Caucasian employees were treated differently, as plaintiff's 'awareness' may be wholly based on hearsay, and she has failed to identify the Caucasian employees who were treated differently." *Id*.

Here, Plaintiff's allegations regarding the existence of similarly situated "Caucasian employees" are as deficient as those in *McDonald*, if not more so, and warrant dismissal. Plaintiff fails to sufficiently identify any similarly situated employees outside of his protected class who allegedly received more favorable treatment, let alone set forth any facts demonstrating that he was qualified for the unidentified assignments allegedly received by the phantom comparators. Instead, Plaintiff alleges only that he was assigned to jobs outside of the City of Tulsa while "other Caucasians [sic] employees of defendant were assigned to jobs within the City of Tulsa" (Doc. 22 at ¶12, §18). This is contradicted by Plaintiff's admission that he ultimately received a job assignment at Colonial Manor Nursing facility in Tulsa. (Doc. 22, ¶14). Although he alleges that he is "aware of at least three separate Caucasian employees of defendant who were assigned to jobs within the City of Tulsa," Plaintiff inexplicably has refused to comply with the Court's instruction to identify these employees. Such speculative conclusions are not entitled to the assumption of truth. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001).

Moreover, Plaintiff fails to state a plausible claim for race discrimination because he has not proffered any non-conclusory allegations permitting the inference that Defendant allegedly refused to assign Plaintiff to a job immediately because of his race. Plaintiff has alleged, at best, only conclusory allegations of racial animus. Specially, Plaintiff's conclusions that the conduct attributed to Defendant was racially motivated appear to be based on nothing more than

Defendant's placement of "other Caucasians" in jobs. (Doc. 22 at ¶¶12, 18, 35.) However, "[m]ere differences in race do not, by themselves, support an inference of racial animus." *Green v. Corr. Corp. of Am.*, 401 Fed. Appx. 371, 376 (10th Cir. 2010).

Striking the aforementioned conclusory allegations, the Court is left with the following facts, which if taken as true, simply fail to state a claim for race discrimination: (1) Plaintiff is African-American; (2) Plaintiff was first assigned to jobs outside of the City of Tulsa; (3) Unidentified jobs existed within the City of Tulsa; (4) Unidentified Caucasian employees were placed in those job positions; (5) Plaintiff ultimately was assigned to position in Tulsa. At best, there is nothing other than sheer speculation to link the Defendant's alleged failure to immediately offer Plaintiff a job assignment in the City of Tulsa to a discriminatory motive. Plaintiff's subjective beliefs that actions were taken based on race are not sufficient to state a claim for relief under Title VII. *See, e.g., McDonald*, 2013 WL 140099, at *4; *Miller v. Kemp*, No. 11-cv-530, 2012 WL 1592537, at *5 (N.D. Okla. May 4, 2012) (holding that plaintiff failed to state a claim for race discrimination where plaintiff relied solely upon conclusory allegations of racial animus). Accordingly, for the foregoing reasons, Plaintiff has failed to state a claim for race discrimination and the "Cause of Action Based Upon Discrimination Because of Disparate Treatment" should be dismissed with prejudice.[2]

### 2. Plaintiff fails to allege facts sufficient to state a claim for retaliation.

Plaintiff also fails to set forth a viable claim for retaliation under Title VII. To state a claim for retaliation, Plaintiff must present facts to show that (1) he engaged in protected opposition to discrimination, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse employment action. *See*

---

[2] Dismissal with prejudice is warranted because any opportunity to amend would be futile due to Plaintiff's inability to allege discriminatory animus and his failure to do so when given the opportunity in the Second Amended Complaint.

*Khalik*, 671 F.3d at 1193. Plaintiff, again, fails to shoulder this burden.

The Second Amended Complaint contains absolutely no factual allegations establishing that Plaintiff suffered an adverse employment action or the requisite causal connection. Plaintiff, instead, relies upon conclusory assertions of retaliation. (Doc. 22 at ¶¶ 20-29, 50.) For example, Plaintiff alleges that Defendant subjected him to "extreme conduct . . . as an act of retaliation," but fails to provide any facts describing the nature or severity of the alleged conduct or establishing retaliatory animus. (Doc. 22 at ¶ 28.) Similarly, Plaintiff alleges -- without providing any factual support whatsoever -- that he "truthfully knows and verily believes that the only reason defendants agents refused to give to Plaintiff any job assignments within the City of Tulsa except for that assignment at Colonial Manor was as an act of punishment and retaliation for having filed a grievance." (Doc. 22 at ¶25.) This allegation is in direct contradiction to Plaintiff's other allegations, including the ones made in the previous paragraph that Plaintiff was given a job assignment after he complained to Defendant of race and age discrimination. (*See* Doc. 22 at ¶24.) This also contracts Plaintiff's claims in the previous count that the failure to assign him to jobs within the City of Tulsa was due to his race. These are precisely the kind of naked, conclusory factual allegations that the Tenth Circuit found insufficient to state a claim in *Khalik*. *See Khalik*, 671 F.3d at 1193. Accordingly, Plaintiff has failed to state a claim for retaliation, and the "Cause of Action for Retaliation" should be dismissed with prejudice.[3]

### D. The Second Amended Complaint Should Be Dismissed Under 28 U.S.C. § 1915

The Court should also dismiss the Second Amended Complaint under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. "Dismissal of a *pro se* complaint for failure to state

---

[3] Dismissal with prejudice is warranted because any opportunity to amend would be futile. Although provided the opportunity in the Second Amended Complaint, Plaintiff does not allege any facts suggesting retaliatory motive or even that the unidentified person(s) who allegedly took any action toward him even knew about his alleged internal complaint.

a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Tijerina v. Patterson*, 543 Fed. Appx. 771, 774 (10th Cir. 2013). As demonstrated above, Plaintiff cannot prevail on the facts he has alleged. Furthermore, any opportunity to amend would be futile because none of the claims are supported by facts that even remotely suggest retaliatory or discriminatory animus.[4] *See, e.g., Kenney v. AG Equip. Co*., 462 Fed. Appx. 481, 843-44 (10th Cir. 2012) (affirming dismissal complaint without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) where the plaintiff "offered no allegations of discrimination . . . that come close to stating a plausible claim for relief.").

This case is the latest example of Plaintiff's abuse of process. Plaintiff has initiated seven other discrimination-based lawsuits in the past five years -- nearly all of which Plaintiff proceeded *in forma pauperis* against former employers. The following is a listing of these cases:

- *Avington v. Office of Juvenile Affairs*, No. 4:08-cv-571 (N.D. Okla.) (J. Eagan);
- *Avington v. Lowe's Home Centers, Inc*., No. 4:08-cv-722 (N.D. Okla.) (J. Payne);
- *Avington v. Commc'n Workers of Am./AFL-CIO Okla. State Workers Union Local 6086*, No. 4:08-cv-571 (N.D. Okla.) (J. Dowdell);
- *Avington v. v. Andales Rest. Corp. d/b/a Andales Tex-Mex Grill & Cantina,* No. 4:10-cv-540 (N.D. Okla.) (J. Eagan);
- *Avington v. Metro. Tulsa Urban League*, No. 4:12-cv-621 (N.D. Okla.) (J. Dowdell);
- *Avington v. Renaissance Mgmt. Group, Inc*. No. 2011-3877 (Dist. Ct. Tulsa Cnty., Okla.); and
- *Avington v. Colonial Manor Nursing Ctr.*, No. 2013-2947 (Dist. Ct. Tulsa Cnty., Okla.)[5].

### III.   CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court enter an Order (1) dismissing the Second Amended Complaint with prejudice and (2) awarding

---

[4]  Additional grounds regarding futility are noted above.

[5]  Notably, in this case, Plaintiff sued the nursing facility at which Defendant placed Plaintiff for slander because the facility allegedly informed Defendant that Plaintiff had physically and verbally abused a patient. Plaintiff further alleged Defendant terminated his employment because of this statement. (*See Avington v. Colonial Manor Nursing Ctr., et a*l., No. 2013-2947 (Dist. Ct. of Tulsa Cnty., Okla.), Doc.1 at ¶-12.)

11

Defendants any other relief the Court deems just and proper.

DATED this 2nd day of November, 2015.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Gretchen M. Lehman*
Denise Cotter Villani
Oklahoma Bar No. 10255
E-mail: denise.villani@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927
Gretchen M. Lehman (Admitted *Pro Hac Vice*)
Florida Bar No. 046365
E-mail: gretchen.lehman@ogletreedeakins.com
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile: (813) 289-6530

AND

**CROWE & DUNLEVY**
Randall J. Snapp
Oklahoma Bar No. 11169
randall.snapp@crowedunlevy.com
CROWE & DUNLEVY
321 South Boston Avenue
500 Kennedy Building
Tulsa, OK 74103
Telephone: (918) 592.9800
Facsimile: (918) 592.9801

**ATTORNEYS FOR DEFENDANT MAXIM HEALTHCARE SERVICES, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following ECF registrants:

Denise Cotter Villani
Randall J. Snapp
Gretchen M. Lehman

**I FURTHER CERTIFY** that on November 2, 2015, a true and correct copy of the above and foregoing was transmitted via U.S. Certified Mail to the following:

A.V. Avington, Jr./Pro Se
1815 North Denver Ave.
Tulsa, Oklahoma 74106-4141

*/s/ Gretchen M. Lehman*
Attorney

22786170.1