**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| A.V. AVINGTON, JR., ) <br> ) <br> Plaintiff, ) <br> ) Case No. 14-CV-233-JED-PJC <br> v. ) <br> ) <br> MAXIM HEALTHCARE SERVICES INC. ) <br> d/b/a MAXIM STAFFING SOLUTIONS ) <br> AGENCY, INC., ) <br> ) <br> Defendant. ) | |

## OPINION AND ORDER

**I.   Background**

The Court previously dismissed plaintiff's Amended Complaint, in which he attempted to state several employment discrimination claims against the defendant. Upon plaintiff's request, the Court granted plaintiff leave to amend to attempt to state plausible claims for race discrimination, age discrimination, and retaliation. (*See* Doc. 21). Plaintiff then filed a Second Amended Complaint in which he asserts claims for disparate treatment based on race and retaliation.

In the Second Amended Complaint, plaintiff alleges that he was employed with Maxim Staffing Solutions beginning November 1, 2012 and that staffing coordinators refused to place him on the available jobs that he requested. (Doc. 22 at 2). He asserts that the refusal of "defendants [sic] agents" to assign plaintiff to the jobs he requested "were motivated by racial bias and prejudice of said agent's [sic] against the Plaintiff as there was no other justifiable and/or legitimate business reason for said caucasian agents to refuse to assign the Plaintiff available jobs open at defendants [sic] business." (*Id.*). He filed a grievance on December 15, 2012 with Maxim Staffing Solutions Agency Inc. "in reference to how the Plaintiff was being

overlooked for work after being initially hired in November 2012." (*Id.*). He was subsequently "given regular working hours to include traveling long distance in the State of Oklahoma for work." (*Id.* at 2-3).

For his disparate treatment claim, plaintiff alleges that he was "treated differently than other Caucasian employees of defendant(s) in relation to work assignments [because he] was assigned to jobs" in "Claremore and Stillwater" while unspecified "Caucasian employees . . . were assigned to jobs within the City of Tulsa." (*Id.* at 3). At some point, though, he was assigned to Colonial Manor Nursing facility, within the City of Tulsa, and he properly performed, but he was given a reason for not being further assigned. That reason was "false and used as a pretext to force Plaintiff to become frustrated with his job and voluntarily quit." (*Id.*).

For his retaliation claim, plaintiff asserts that he repeatedly made phone calls and visits to Maxim Staffing Solutions Agency, Inc. to determine why he had not been given a job assignment, and they told him they did not have anything to offer him. (*Id.* at 4). He then called the "corporate office" and filed a grievance based on race and age "trying to get some answers as to why he was being overlooked for job assignments." (*Id.*). After his grievance, he was given a job assignment. He further alleges that he "truthfully knows and verily believes that the only reason defendants [sic] agents refused to give [him] any job assignments within the City of Tulsa except for that assignment at Colonial Manor was as an act of punishment and retaliation for having filed a grievance with the corporate office." (*Id.* at 5).

The defendant moves to dismiss for failure to state a claim.

**II.     Standards**

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To

2

satisfy this standard, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted).

Pleadings of a pro se plaintiff must be liberally construed and "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate, and plaintiff must "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. The liberal construction of pro se pleadings does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir.1997).

### III.   Discussion

To state a claim for disparate treatment racial discrimination, a plaintiff must allege facts that plausibly show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) he was treated less favorably

3

than others who were not in the protected class. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). A prima facie case of retaliation requires a showing that (1) plaintiff engaged in protected opposition to discrimination, (2) a reasonable employee would have found the challenged employer action to be materially adverse, and (3) there is a causal connection between the protected activity and the materially adverse action. *Somoza v. University of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) (citation omitted).

Despite an opportunity to amend to provide sufficient allegations to state a claim for relief, the plaintiff has failed to state any plausible claim for disparate treatment based on race or for retaliation. The Second Amended Complaint is lacking crucial facts necessary to state any plausible claim for relief. For instance, plaintiff has not identified a single representative of the defendant who allegedly made decisions regarding him. Instead, he generally alleges only that unidentified "staffing coordinators" did not give him every assignment he wanted. For his disparate treatment claim, he also indicates that he is "aware of at least three separate Caucasian employees . . . who were assigned to jobs within the City of Tulsa" while he was assigned to Claremore or Stillwater (*see id.* at 4), but he does not identify them or otherwise state any circumstances by which he could plausibly aver that they were similarly situated to him in employment.

It is also unclear what he is claiming was a materially adverse action. He previously alleged discriminatory termination, but the Second Amended Complaint does not repeat that allegation, nor does it contain any other allegation that would state a plausible claim for a racially discriminatory adverse employment action. Although he asserts that he was initially assigned to Claremore and Stillwater in the first month after he was hired, he acknowledges that

4

he was subsequently assigned to a nursing facility in Tulsa. He alleges that he was provided some unidentified, false reason for the defendant's refusal to assign him to additional jobs other than the one at the Tulsa nursing facility. His allegations in that regard are so vague that they are nonsensical.

Plaintiff has been unable to provide even the barest of factual allegations that would state a plausible claim for racial discrimination. In dismissing the prior Amended Complaint, the Court stated:

> For example, Avington has not identified any similarly-situated Caucasian employees who were treated better than him in job assignments or receipt of job-related benefits. Avington has also failed to aver any facts supporting any claim that he was terminated because of his race. It is not enough to merely allege that he is African American and was terminated, which is in essence all that he has factually asserted in his Amended Complaint.

(Doc. 21 at 11). Notwithstanding this guidance, the plaintiff provided even fewer facts in his Second Amended Complaint, and his allegations are so vague that the Court is unable to glean a plausible claim, even assuming his factual averments to be true. He has not identified any employee of defendant that was treated differently. Moreover, his assertion that the defendant treated Caucasian employees differently by assigning them jobs in Tulsa is inconsistent with his statement that he was, in fact, assigned to a job in Tulsa.

In response to the dismissal motion, plaintiff provides nothing other than boilerplate legal citation, without any analysis of his Second Amended Complaint, and multiple statements that he will appeal any dismissal. He indicates that he "is unaware of the names of other Caucasian employees whop [sic] were not required to do the things which Plaintiff was required to do or who were treated differently than himself." (Doc. 24 at 2-3). Plaintiff has been given an opportunity to amend to provide some factual predicate that would state a plausible claim, and he refuses to do so, relying on his right to appeal any dismissal this Court may enter.

5

Plaintiff's allegations also do not state a claim for retaliation, because he has not alleged facts reflecting any material adverse action taken in response to his alleged engagement in a protected activity. He actually alleges that, after he complained that he was not receiving assignments he wanted, the defendant then placed him on a job in Tulsa. His Second Amended Complaint does not contain any allegations of an adverse employment action taken against him in retaliation or of any causal connection between his allegedly protected activity and any purported act of retaliation. His allegations of retaliation are internally contradictory. For example, he alleges that he "truthfully knows and verily believes that the only reason defendants agents refused to give [him] job assignments within the City of Tulsa except for that assignment at Colonial Manor was as an act of punishment and retaliation for having filed a grievance." (Doc. 22 at 5). But in the prior paragraph he only indicates that he was given a job assignment after he complained of discrimination. (*Id.*).

**IV.    Conclusion**

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim is **granted**. The dismissal is appropriate, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (the plaintiff filed this action in forma pauperis) and under Fed. R. Civ. P. 12(b)(6), because plaintiff has failed to state a plausible claim for relief. The dismissal is with prejudice because, despite three attempts at pleading a plausible claim and notwithstanding being provided leave to amend to file the Second Amended Complaint, the plaintiff has only provided vague, unspecified factual averments that do not state a plausible claim for relief against the defendant.

SO ORDERED this 30th day of September, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE